# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DONA BROWN and TIMOTHY BROWN,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. CV 16-642-DMG (AGRx)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter is before the Court following a two-day bench trial that took place on May 15 and 16, 2018. Thereafter, the parties filed post-trial briefs. [Doc. ## 136, 237.] Susan Murphy appeared on behalf of Plaintiffs Dona Brown and Timothy Brown. Jeremy Shulman and Dean Reaves appeared on behalf of Defendant Wells Fargo Bank, N.A.

Having carefully reviewed and considered the evidence and the arguments of counsel, as presented at trial and in their written submissions, the Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.

# I.

# FINDINGS OF FACT[1]

**A. Background**

1. In September 2007, Plaintiffs Dona Brown and Timothy Brown obtained a home loan from World Savings Bank, FSB for $477,600 ("the Loan").

2. The Loan was secured by a Deed of Trust recorded against real property located at 23829 Laurelwood Lane, Valencia, California ("the Property").

3. Defendant Wells Fargo Bank, N.A. is the successor in interest to Wachovia Mortgage, FSB and World Savings Bank, FSB with respect to the Loan.

4. Plaintiffs became the owners of the subject Property by a Grant Deed recorded on September 12, 2007.

5. On October 27, 2011, Defendant's trustee caused a Notice of Default to be recorded reflecting Loan arrears through October 26, 2011 of $12,883.81.

6. On January 30, 2012, Defendant's trustee caused a Notice of Trustee's Sale to be recorded, setting a sale date of February 21, 2012, and reflecting that the total amount of unpaid balance on the Loan secured by the Property was $501,785.96.

7. On February 1, 2012, Plaintiffs were in default on the Loan.

8. On February 3, 2012, Andrew Fowler of Cal-Western Reconveyance Corporation sent via facsimile a reinstatement quote of $20,451.16 to Plaintiff Dona Brown.

9. On February 6, 2012, Plaintiffs entered into a Residential Listing Agreement with a real estate agent in order to list the Property for sale.

10. On May 21, 2012, Plaintiffs signed a Short Sale Affidavit with respect to a real estate purchase contract for the Property.

---

[1] To the extent that any of the Court's findings of fact may be considered conclusions of law or vice versa, they are so deemed.

11. On June 19, 2012, Plaintiffs approved the terms of a proposed short sale of the Property.

12. On June 27, 2012, the short sale process was completed and the Property was sold to a third party.

13. As a result of the short sale, Defendant received $360,708 and reconveyed the Deed of Trust.

14. As of June 27, 2012, the total outstanding debt owed on the Loan was in excess of $500,000.

15. From the proceeds of the short sale, Plaintiffs received $3,000 in relocation assistance.

**B. Plaintiffs' Factual Theory**

16. At trial, Plaintiffs contended that Defendant interfered with their right to reinstate the Loan during four telephone calls that Plaintiff Dona Brown had with Defendant's representatives on February 4, 2012, February 6, 2012, February 16, 2012, and March 15, 2012.[2]

17. Plaintiffs claim that during the February 4, 2012 telephone call, an employee of Defendant named Kristopher Peterson refused to give Dona instructions to reinstate the Loan via wire transfer because her mother (*i.e.*, Donna Knox) was the source of the funds. Peterson also purportedly told Dona that she could not reinstate the Loan because her mother was not once removed. Plaintiffs claim that Knox was present with Dona during the telephone call and could hear Peterson through a speaker.[3]

---

[2] Dona's declaration in lieu of testimony indicates that the fourth call occurred on May 15, 2012. *See* Dona Brown Decl. at ¶ 64 [Doc. # 102]. During the first day of trial, however, Dona testified that this call actually occurred on March 15, 2012. *See* May 15, 2018 Trial Tr. at 18:20–22:19 [Doc. # 121].

[3] According to Dona, Peterson stated that her mother "was *not* 'once removed[,]'" *see* Dona Brown Decl. at ¶ 54 (emphasis added) [Doc. # 102], whereas her mother declares that Peterson stated that she "*was* 'once removed.'" *See* Knox Dec. at ¶ 3 (emphasis added) [Doc. # 101].

18. With regard to the February 6, 2012 call, Plaintiffs contend that Dona begged Peterson to allow her to reinstate the Loan. Peterson allegedly replied that she could not do so because Defendant was already considering her request for a loan modification. Peterson also supposedly stated that because "things had gone too far," Plaintiffs had only two options: sell the property or modify the Loan.

19. According to Plaintiffs, Dona and her mother had a telephone call with another employee of Defendant (*i.e.*, Craig Larsen) on February 16, 2012. When Knox allegedly stated that she could give Dona the money to reinstate the Loan, Larsen purportedly responded that she could not do so because Dona had to disclose the source of the funds. Larsen supposedly told Dona that she had to either modify the Loan or short sell the property.

20. In connection with the March 15, 2012 call, Plaintiffs contend that Dona called Larsen and once again attempted to reinstate the Loan. Larsen supposedly responded that the sale of the Property could occur at any moment and that if Plaintiffs lost the short sale buyers, he could not guarantee that Defendant would not foreclose on the property. Larsen also allegedly told Dona that in order to reinstate her loan, she needed to obtain another reinstatement quote really quickly and pay it quickly, and that the sale might occur without notice while she was attempting this.

21. The only direct evidence Plaintiffs offered at trial in support of this theory was Dona and Knox's testimony. On the other hand, Defendants offered Peterson and Larsen's testimony that Plaintiffs' version of what transpired is inaccurate (*i.e.*, they did not make the aforementioned statements that supposedly deterred Plaintiffs from reinstating the Loan). Defendants further offered recordings of calls between Peterson and Dona that occurred on February 4, 2012 and February 6, 2012, and transcripts of those calls.[4] Neither

---

[4] The Court admitted these recordings and the transcripts into evidence over Plaintiffs' objections. As discussed *infra*, Plaintiffs nonetheless challenge the admissibility of this evidence and the recording of a June 15, 2012 telephone call.

-4-

of those recordings show that Dona or Knox attempted to reinstate the Loan. For the reasons discussed *infra*, the Court finds that Dona and Knox's testimony is not credible.

**C.     Dona and Knox's Credibility**

22.   The Court admitted into evidence a recording of a February 4, 2012 call that is 30 minutes and 15 seconds in length. The recording and the transcript relating thereto show that Dona did not attempt to reinstate the Loan during the call, and that Peterson did not refuse to provide Dona with wire transfer instructions.

23.   At trial, Dona testified that the February 4, 2012 telephone call in which she attempted to reinstate the Loan was 31 minutes long.

24.   Before trial, Dona prepared a call log. The log asserts that the "KP reinstatement call" on February 4, 2012 was 31 minutes in length. The log does not show that any other call of approximately the same duration occurred on February 4, 2012, or that Dona had any other telephone call with Peterson on that date that concerned reinstatement.

25.   Plaintiffs' cellular telephone bill for the January 5, 2012 to February 4, 2012 billing cycle shows that only one 31-minute call occurred on February 4, 2012. The bill does not show that any other 30 or 31-minute call occurred on that date.

26.   On June 3, 2012, Dona sent an email to Defendant in which she made a litany of complaints against Defendant and Wachovia (*e.g.*, Wachovia allegedly created an "illegal suspense account" into which Plaintiffs' Loan payments were deposited). Conspicuously absent from this email is any mention of Defendant's supposed attempts to interfere with Plaintiffs' right to reinstate the Loan. Similarly, the Court admitted a recording of a June 15, 2012 telephone call in which Dona relayed multiple complaints to Peterson but did not complain that Peterson or Larsen prevented her from reinstating the Loan.

27.   Accordingly, Dona's admission both in the call log she previously prepared and at trial that the February 4, 2012 telephone call was 31 minutes long and the aforementioned circumstantial evidence establish that Peterson did not prevent her from

reinstating the Loan on February 4, 2012. This fact severely undermines Dona and Knox's credibility regarding the other three telephone calls as well.

**D.     Plaintiffs' Assertion that Defendant Altered the February 4, 2012 Recording**

28.     Plaintiffs contend that the February 4, 2012 recording is actually an amalgamation of certain telephone calls that occurred on January 31, 2012 and February 9, 2012. This argument is wholly without merit.[5]

29.     The Court rejects Plaintiffs' speculative and unsupported claims that certain ambient noises and inaudible speech in the February 4, 2012 recording demonstrate that it was edited. Such sounds could just as easily be attributable to minor technical errors in the recording system and/or temporary pauses in Dona's and Peterson's conversation. In the absence of any expert testimony or other corroborating evidence, the Court will not assume that Defendant doctored the recording to "extend the audio to fit the exact length of thirty-one (31) minutes." *See* Pls.' Closing Arg. at 23 [Doc. # 136]. That is a very serious accusation of willful misconduct, which Plaintiffs have not substantiated through credible evidence.

30.     The Court is likewise unpersuaded by Plaintiffs' argument that Dona and Peterson's discussion of certain facsimiles during the call shows that part of the February

---

[5] In their closing argument, Plaintiffs also contend that Defendant's Vice President of Loan Documentation (*i.e.*, Brooke Bosier) failed to properly authenticate the February 4, 2012, February 6, 2012, and June 15, 2012 recordings. *See* Pls.' Closing Arg. at 9–12 [Doc. # 136]. In so doing, they have lodged a poorly disguised and procedurally improper motion for reconsideration of the Court's orders overruling Plaintiffs' objections to this evidence. *See* Am. List of Exs. & Witnesses at 43–45 [Doc. # 124]; *Berman v. Knife River Corp.*, 687 Fed. App'x 616, 617 (9th Cir. 2017) (evidentiary rulings at trial may not be challenged via a motion for reconsideration). Even if Plaintiffs had properly noticed a motion for reconsideration, it would fail because Plaintiffs have not shown they are entitled to such relief. *See* C.D. Cal. L.R. 7-18 (reconsideration may be granted only on the grounds of "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision"); *see, e.g.*, Pls.' Closing Arg. at 10–11 (arguing that the filenames of certain recordings discussed in Bosier's declaration have different punctuation than the actual filenames for the recordings, but tacitly conceding that Plaintiffs received copies of all such evidence before trial).

4, 2012 recording is from a February 9, 2012 call. In particular, in a further effort to show that the February 4th call was altered, Plaintiffs claim that Dona and Peterson referred to a facsimile she had sent to Peterson on February 6, 2012. Yet, at no point during the recording did Dona or Peterson explicitly state that a facsimile was sent to Peterson on February 6, 2012. Further, Plaintiffs cannot otherwise show that Dona and Peterson discussed a February 6, 2012 facsimile during the call because Plaintiffs failed to introduce that transmission into evidence.[6] Additionally, Plaintiffs have not shown that the "profit and loss statement" referenced in the recording is the February 6, 2012 facsimile.[7] The Court admitted into evidence a January 23, 2012 letter that Dona sent to Wachovia; attached to that letter are a "household and business breakdown" and a list of invoices, both of which Dona and Peterson apparently discussed in the recording.[8]

31. Plaintiffs also claim that Dona's and Peterson's use of dates to refer to past events somehow demonstrates that parts of the February 4, 2012 recording were taken from a February 9, 2012 conversation (*e.g.*, Peterson stated that an event occurred on "February 3rd" instead of simply noting that it happened "yesterday"). Similarly, Peterson distinguished between documents that he received on January 31, 2012 and materials Dona had submitted "recently." Plaintiffs' hyper-technical analysis of these aspects of the recording is unpersuasive. The semantics that Dona and Peterson used in the recording are entirely consistent with Defendant's position that this conversation occurred on February 4, 2012.

---

[6] Instead, the parties stipulated to the admission of only the cover sheet of the facsimile.

[7] It appears that Dona and Peterson actually discussed two different profit and loss statements during this telephone call: (1) a profit and loss statement that was comprised of a "household and business breakdown" and a list of certain invoices, and (2) another profit and loss statement that was in a different format. Peterson indicated during the call that he did not have a copy of the latter.

[8] Plaintiffs concede that Peterson received this letter and its attachments before February 4, 2012. *See* Pls.' Closing Arg. at 16–17 (suggesting that Peterson received these documents on January 30 or 31, 2012) [Doc. # 136].

-7-

# II.
# CONCLUSIONS OF LAW

1. Plaintiffs assert a single cause of action for restitution under California's Unfair Competition Law ("UCL") that is predicated on alleged violations of California Civil Code section 2924c(e).

2. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." *See* Cal. Bus. & Prof. Code § 17200.

3. "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (quoting *Cel-Tech Comm'cs, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).

4. California Civil Code section 2924c(e) provides in pertinent part:
> Reinstatement of a monetary default under the terms of an obligation secured by a deed of trust, or mortgage may be made at any time within the period commencing with the date of recordation of the notice of default until five business days prior to the date of sale set forth in the initial recorded notice of sale.[9]

5. To prevail on a UCL claim, a plaintiff must prove by a preponderance of the evidence that the defendant engaged in an unlawful, unfair, or fraudulent business act or practice. *See People v. First Fed. Credit Corp.*, 104 Cal. App. 4th 721, 732 (2002); Cal. Evid. Code § 115.

---

[9] It appears that Plaintiffs were not entitled to reinstate their Loan on March 15, 2012 because that date fell after the scheduled date of foreclosure (*i.e.*, February 21, 2012). Nonetheless, Plaintiffs' claims arising out of the March 15, 2012 telephone conversation would fail even if the call had occurred no more than "five business days prior to the date of sale set forth in the initial recorded notice of sale." Cal. Civ. Code § 2924c(e).

6. Plaintiffs have failed to prove by a preponderance of the evidence that on February 4, 2012, February 6, 2012, February 16, 2012, and/or March 15, 2012, Defendant's representatives interfered with their statutory right to reinstate the Loan.

7. Because Plaintiffs have not established that Defendant violated California Civil Code section 2924c(e), their UCL claim necessarily fails.

## III.
## CONCLUSION

In light of the foregoing, the Court finds in favor of Defendant and against Plaintiffs on their UCL cause of action. The Court will enter Judgment accordingly.

DATED: December 27, 2018

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE